Matthias, J.
It is contended by plaintiff in error:
1. That the search and seizure warrant was invalid for the reason that a judge of the common pleas court was not then authorized to issue same, and that the affidavit did not contain a description of the property it was claimed was designed for the unlawful manufacture of intoxicating liquors, and, further, that because of the invalidity of such search and seizure warrant, and the fact that the residence of the plaintiff in error was a bona fide residence, the evidence obtained upon such search was er *232 roneously admitted as evidence in the trial of the plaintiff in error.
2. That the affidavit making the charge against the plaintiff in error was insufficient in that it did not contain a description of the premises to be searched or of the property it was claimed plaintiff in error unlawfully had in his possession.
3. That the property which the record disclosed plaintiff in error did have in his possession was not designed for the unlawful manufacture of intoxicating liquors.
4. That the manufacturing of non-intoxicating fruit juices is not a violation of the law, and that unless there be a sale and delivery to another after the same becomes intoxicating no offense is committed.
The affidavit charged that “one Pete Ciano did unlawfully possess property designed for the manufacturing of intoxicating liquor, and intended to be used in violation of law, and which said intoxicating liquor was not for non-beverage purposes, nor wine for sacramental purposes.” This affidavit is based upon the provisions of Section 6212-16, General Code, which among other things makes it “unlawful to have or possess any liquor, or property designed for the manufacture of liquor, intended for use in violation of law” or which has been so used. It is to be observed, therefore, that the charge against the defendant contained in this affidavit is set forth almost precisely in the language of the statute making such acts unlawful. The affidavit was not attacked by motion to quash or otherwise, and no question whatever was raised with reference thereto in the trial court, either before or *233 after the trial of the defendant. To sustain the claim made as to the insufficiency of the affidavit counsel cite Section 13483, General Code, which sets forth the requisites of an affidavit which must be filed before a warrant for search may be issued, and has no reference to the form or substance of the affidavit charging the offense to which the defendant is required to answer.
The affidavit clearly charged an offense under the statute. Defects in form or indefiniteness of statement therein must be taken advantage of before trial, or they are deemed to have been waived. Bartlett v. State, 28 Ohio St., 669, and State v. Messenger, 63 Ohio St., 398.
Upon the trial of the case there were offered and received in evidence against the defendant, and over his general objection thereto, samples of the wine and “mash” and other articles taken from the premises of the defendant by the officers, pursuant to and acting under authority of the search warrant. Although Section 6212-18, General Code, as amended in 109 O. L., 144, confers authority upon common pleas judges, along with other officials therein named, to issue search warrants upon the filing of an affidavit, such as prescribed in the statute, common pleas judges were not so authorized at the time such action was taken in this case, and in the absence of such statutory authority the search warrant issued by the common pleas judge was unwarranted and invalid. But the court did not err in refusing to exclude the evidence procured upon such search, although objection was made thereto by counsel for defendant when the same was offered. The rule applying to such situation is of long standing and well *234 settled. It is clearly and concisely stated in 10 Ruling Case Law, 933, as follows:
“The principle underlying the decisions admitting the evidence is that an objection to an offer of proof made on the trial of a cause raises no other question than that of the competency, relevancy and materiality of the evidence offered, and that consequently the court, on such an objection, cannot enter on the trial of a collateral issue as to the source from which the evidence was obtained. But since there is a right, there must of necessity be a remedy, and the remedy is to be found in the making of a timely application to the court for an order directing the return to the applicant of the papers unlawfully seized. On such an application, the question of the illegality of the seizure may be fully heard, and if the court erroneously refuses to order a return of the papers, and thereafter receives them in evidence against the applicant over his objection, it is an error for which a judgment of conviction must be reversed. Instruments, devices, or tokens used in the commission of a crime are competent and legitimate evidence in the trial of the accused, and the taking of them from his person by an officer who has arrested him upon a charge of his having committed the crime is not an illegal seizure ; nor is the search of his person for such instruments an unreasonable search, within the meaning of the constitutional provision against unreasonable search.”
The principle, thus stated has been settled in numerous cases, among which the following may be cited: People v. Marxhausen, 204 Mich., 559; Adams v. New York, 192 U. S., 585; Haywood v. United States, 268 Fed. Rep., 795; Weeks v. United States, *235 232 U. S., 383; United States v. O’Dowd, 273 Fed. Rep., 600, and 1 Greenleaf on Evidence (16 ed.), Sec. 254a. The citation of numerous authorities upon this subject appears in the note to State v. Turner, 136 Am. St. Rep., 129, where it is said, at page 142: “The underlying principle of all these decisions obviously is, that the court, when engaged in the trial of a criminal action, will not take notice of the manner in which a witness has possessed himself of papers or other chattels, subjects of evidence, which are material and properly offered in evidence * * *. Such an investigation is not involved necessarily in the litigation in chief, and to pursue it would be to halt in the orderly progress of a cause, and consider incidentally a question which has happened to cross the path of such litigation, and which is wholly independent thereof.”
The facts disclosed by the record serve to remove the premises here in question from the class of buildings exempt from search except upon the issuance of a valid warrant therefor. It must be concluded, as seems to have been found by the trial court, that such premises were not used exclusively for bona fide residence purposes, and, that being true, no search warrant was in fact necessary. It was the basement of the premises which was searched, in one portion whereof, which was reached by a trap-door in the floor of the kitchen, concealed by linoleum, were two barrels of wine; and in the ether portion were two cases of raisins admittedly belonging to the defendant, a large fruit press, four barrels of wine and a barrel containing “mash” in the process of fermentation, rubber hose, etc. The evidence clearly shows that this basement was used *236 as a storehouse, and was rented for such purpose to another who had at the time stored therein seventy-four cases of raisins to be delivered therefrom as they were sold. Plaintiff in error was paid a stipulated rental and participated in transactions incident to the sale and delivery of raisins there stored. Persons purchasing raisins of the owner thereof had access to the basement, as they would have had to any ordinary place of business, and, such place being a storeroom, under the provisions of Section 6212-16, Greneial Code, it was not a bona fide dwelling, and did not possess the exemptions of such under the constitution and laws of the state. The six barrels of wine containing about 11% alcohol by volume admittedly were intoxicating, and admittedly Avere manufactured in this basement by the plaintiff in error. The evidence abundantly warranted the finding of the trial court that the articles of property named were not only designed to be but were used in the unlawful manufacture of intoxicating liquor intended for use in violation of law.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.